KLAFTER, OLSEN & LESSER LLP
Seth R. Lesser*
Jeffrey A. Klafter*
Fran L. Rudich*
Michael H. Reed*
Two International Drive, Suite 350
Rye Brook, New York 10573
Telephone: (914) 934-9200
Email: seth@klafterolsen.com;
         jeff@klafterolsen.com;
         fran@klafterolsen.com;
         michael.reed@klafterolsen.com

BERGER & ASSOCIATES
Bradley I. Berger*
321 Broadway
New York, New York 10007
Telephone: (212) 571-1900
Email: bradberger29@gmail.com

* to seek admission *pro hac vice*
Attorneys for Plaintiffs

LUBIN & ENOCH, P.C.
Nicholas J. Enoch - State Bar No. 016473
Natalie B. Virden - State Bar No. 031609
349 North Fourth Avenue
Phoenix, Arizona  85003-1505
Telephone: (602) 234-0008
Facsimile:  (602) 626-3586
Email: nick@lubinandenoch.com
         natalie@lubinandenoch.com

///

///

///

///

///

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Steven Liles & Frank Crump, | Case No. |
| Plaintiff, | |
| v. | **COMPLAINT AND JURY DEMAND** |
| HMSHost Corporation and Host International, Inc., | |
| Defendant. | |

## <u>INTRODUCTION</u>

Plaintiffs STEVEN LILES and FRANK CRUMP (together "Plaintiffs") were employed by Defendants HMSHOST CORPORATION and HOST INTERNATIONAL, INC. (collectively, "Defendants" or "HMSHost") as "assistant unit managers" ("AMs") at various food and beverage concessions within Arizona.  Defendants misclassified Plaintiffs as exempt under federal law and failed to pay them for all hours worked. Defendants also failed to pay Plaintiffs overtime for hours above 40 that they worked in a workweek.

Plaintiffs assert that they are entitled to: (1) unpaid wages from Defendants for all hours worked by them as well as for overtime work for which they did not receive overtime premium pay, as required by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*; (ii) liquidated and punitive damages pursuant to the FLSA; and (iii) declaratory relief under the FLSA.

**JURISDICTION AND VENUE**

1.      Jurisdiction over Plaintiffs' FLSA claims is based upon 28 U.S.C. § 1331.

2.      Plaintiffs' claims involve matters of national or interstate interest.

3.      Defendants are subject to personal jurisdiction in the District of Arizona.

4.      Venue is proper in this district pursuant to 28 U.S.C. § 1391 as a substantial part of the events or omissions giving rise to the claims occurred in this District.

5.      This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

**THE PARTIES[1]**

6.      Plaintiff Steven Liles was, at all relevant times, an adult individual, residing in Phoenix, Arizona.

7.      Plaintiff Liles was employed by Defendants from in or about 2006 to 2012 as an AM at the Starbuck's, Hole-In-One, Chili's, Pizza Hut, Great Steak, and Fox Sports Bar & Grill units at the Sky Harbor Airport.

8.      Plaintiff Liles worked in excess of forty (40) hours per workweek, without receiving wages from Defendants for all hours worked by him as well as overtime compensation as required by federal law.  By way of example, Plaintiff Liles worked over 40 hours during New Year's week in 2012.

9.      Plaintiff Frank Crump was, at all relevant times, an adult individual, residing in Chandler, Arizona.

_____

[1] Plaintiffs' claims in this action were tolled by virtue of their participation in the presently decertified collective action in *Easton Stevens, et al. v. HMSHost Corporation, et al.,* Case No. 10-cv-3571 (E.D.N.Y.).

10.   Plaintiff Crump was employed by Defendants from 2011 through February 2014 as an AM at the Chili's, Desert Springs, Jody Maroni's, Pizza Hut, and Burger King at the Sky Harbor Airport.

11.   Plaintiff Crump worked in excess of forty (40) hours per workweek, without receiving wages from Defendants for all hours worked by him as well as overtime compensation as required by federal law.  By way of example, Plaintiff Crump worked over 40 hours during the week of May 4, 2012.

12.   Upon information and belief, Defendant HMSHost Corporation, is a corporation organized under the laws of the State of Delaware, with its principal place of business at 6600 Rockledge Drive, Bethesda, Maryland 20817.  HMSHost Corporation is wholly owned by Autogrill Group, Inc., a subsidiary of Autogrill S.p.A., an Italian corporation.  Directly or through wholly owned subsidiaries, including Defendant Host International, Inc., HMSHost Corporation manages and oversees the operations of food and beverage concessions at numerous United States airports and other travel facilities, and acts with its subsidiaries, including Defendant Host International, Inc., in concert and together in a common enterprise and through related activities, as here relevant, so that the actions of those subsidiaries and HMSHost Corporation may be imputed to each of the others and to one another so that they operate as joint employees within the meaning of the Fair Labor Standards Act.

13.   Upon information and belief, Defendant Host International, Inc., is a Delaware corporation with its principal place of business at 6905 Rockledge Drive, Bethesda, Maryland  20817.

14.     Defendants were and are doing business in Arizona.

**STATEMENT OF FACTS**

15.     Defendants HMSHost Corporation and Host International, Inc., directly and through their subsidiaries, are one of the world's largest providers of travel venue merchandise and food and beverage concessions.   Defendants have operations in a number of the largest airports in North America and its 20,000+ employees serve over 1 billion travelers every year.

16.     At all relevant times, Plaintiff Liles was employed as an assistant unit manager for Defendants at various units.

17.     At all relevant times, Plaintiff Crump was employed as an assistant unit manager for Defendants at various units.

18.     Plaintiffs' activities while at work included but were not limited to such activities as cleaning the restaurants, checking to make sure that supplies were properly shelved and/or checking inventory, cashiering, cooking, and helping customers.

19.     Plaintiffs had minimal, if any, involvement in hiring.

20.     Plaintiffs had minimal, if any, involvement, in firing.

21.     Plaintiffs' work was performed for the benefit of the Defendants, in the normal course of the Defendants' business and was integrated into the business of the Defendants.

22.     The primary duties and work performed by Plaintiffs required little skill and no capital investment.   Their duties did not substantially include managerial responsibilities or the exercise of independent judgment.   Rather, they devoted the

majority of their time to many insignificant duties and duties identical to wait staff, bus staff and other non-exempt positions.

23.     Plaintiffs often worked in excess of 40 hours a week, yet the Defendants willfully failed to pay them for all hours worked, as well as overtime compensation of one and one-half times their regular rate of pay in violation of the FLSA.   Upon information and belief, it is Defendants' uniform policy and procedure not to pay all similarly situated employees for all hours worked by them, as well as overtime compensation.

24.     Throughout all relevant time periods, while Defendants employed Plaintiffs, Defendants failed to maintain accurate and sufficient time records.

25.     Pursuant to a centralized, company-wide policy, pattern and/or practice, Defendants have classified all AMs as exempt from coverage of the overtime provisions of the FLSA.

26.     Defendants did not perform a person-by-person analysis of Plaintiffs' job duties when making the decision to classify them as exempt from the FLSA's overtime protections.

27.     Defendants established labor budgets to cover labor costs for the stores in which Plaintiffs.   The wages of Defendants' store-level employees were deducted from the labor budgets.   Defendants, however, did not provide sufficient money in the labor budgets to cover all hours needed to complete the necessary non-exempt tasks in each store.   Defendants knew or recklessly disregarded the fact that their underfunding of store labor budgets resulted in Plaintiffs working more than 40 hours in a workweek without

6

receiving any additional overtime compensation. This allowed Defendants to avoid paying additional wages (including overtime) to the non-exempt, store-level employees.

28. Defendants' unlawful conduct as described above, was willful and/or in reckless disregard of the applicable wage and hour laws pursuant to Defendants' centralized, company-wide policy, pattern, and/or practice of attempting to minimize labor costs by violating the FLSA. Defendants knew that Plaintiffs were not performing activities that complied with any FLSA exemption and, inasmuch as Defendants are substantial corporate entities aware of their obligations under the FLSA, they, accordingly, acted willfully or recklessly in failing to classify Plaintiffs as non-exempt employees.

29. Defendants are aware or should have been aware, through Store Managers and General Managers (as its authorized agents), that Plaintiffs were primarily performing non-exempt duties. As a business operating enough units to serve over 1 billion customers per year, Defendant knew or recklessly disregarded the fact that the FLSA required it to pay employees primarily performing non-exempt duties an overtime premium for hours worked in excess of 40 per workweek.

30. As part of their regular business practice, Defendants have intentionally, willfully and repeatedly engaged in a pattern, practice and/or policy of violating the FLSA with respect to Plaintiffs. This policy and pattern or practice includes but it is not limited to

    a. Willfully misclassifying Plaintiffs as exempt from the requirements of the FLSA;

b.  Willfully failing to pay Plaintiffs overtime wages for hours that they worked in excess of 40 hours per week; and

c.  Willfully failing to provide enough money in its store-level labor budgets for its non-exempt employees to perform their duties and responsibilities, forcing Plaintiffs to perform such non-exempt tasks.

31.   Defendants' willful violations of the FLSA are further demonstrated by the fact that during the relevant time period and continuing to the present, Defendants failed to maintain accurate and sufficient time records for Plaintiffs.   Defendants acted recklessly or in willful disregard of the FLSA by instituting a policy and/or practice that did not allow Plaintiffs to record all hours worked, but only allowed them to report a maximum of 40 hours worked per week.

32.   Upon information and belief, Defendants' unlawful conduct described in this Complaint is pursuant to a corporate policy or practice of minimizing labor costs by violating the FLSA.

33.   Due to the foregoing, Defendants' failure to pay overtime wages for work performed by Plaintiffs in excess of 40 hours per week was willful and has been widespread, repeated and consistent.

**ADDITIONAL FACTS ESTABLISHING WILLFULNESS**

34.   As noted in footnote 1, Plaintiffs had asserted claims against Defendants as party plaintiffs in the presently decertified action *Easton Stevens, et al. v. HMSHost*

*Corporation, et al.* ("*Stevens*")*,* Case No. 10-cv-3571 (E.D.N.Y.).  Facts discovered in *Stevens* further establish that Defendants willfully misclassified Plaintiffs.[2]

35.    In *Stevens*, Defendants admitted that since 2006, they charged Coleman Lauterbach, HMSHost's Vice President of Compensation, with the decision "to continue classifying the [AMs] as exempt."  Defendants touted Lauterbach's inaugural country-wide tour as providing him with all the data he needed to validate his, and HMSHost's, "belief that there was no cause for a broad based review of the [AMs'] classification."

36.    When pressed about the details of this tour (the "2006 Tour") in his December 12, 2013 deposition in *Stevens*, Lauterbach (designated as a Federal Rule of Civil Procedure 30(b)(6) witness) admitted that he:

    a)  Never analyzed a single AM's shift to determine the amount of exempt versus nonexempt work that AMs were performing;

    b)  Never spent a day observing what AMs did throughout the day;

    c)  Has no recollection as to which, or how many, AMs he spoke;

    d)  Has no recollection or records as to any of the conversations he had with AMs, what he asked or how they replied; and

    e)  Has never followed up with any AM concerning his or her job duties for the purpose of confirming that AMs are classified appropriately.

37.    Since the 2006 Tour, Lauterbach acknowledged that he:

---

[2] These facts are well known to Defendants. Indeed, they are drawn essentially word for word from Plaintiffs' opposition to the summary judgment motion on willfulness grounds that Defendants filed in *Stevens* (the *Stevens* court reserved judgment on the summary judgment motion because of the decertification).

a) Has never had any discussion with anyone at HMSHost about whether or not the AMs are properly classified;

b) Has never sought legal counsel on the propriety of the AMs' classification;

c) Has never requested legal counsel to conduct a classification for the AMs;

d) Has never conducted any time studies or surveys with respect to AMs' duties; and

e) Has never requested the DOL to conduct an FLSA audit for HMSHost AMs.

38.    The Department of Labor ("DOL") has established the following factors to consider in determining whether an employee's primary duty meets the FLSA's exemptions:

1. The relative importance of the exempt duties as compared with other types of duties;

2. The amount of time spent performing exempt work;

3. The employee's relative freedom from direct supervision;

4. And the relationship between the employee's salary and the wages paid to other employees for the kind of nonexempt work performed by the employee.

29 C.F.R. § 541.700(a). In *Stevens*, Lauterbach admitted that HMSHost never considered any of these factors in classifying AMs as exempt.  Lauterbach testified that HMSHost:

(a) Never considered the relative importance of the AMs' exempt duties as compared to their non-exempt duties;

(b) Never considered the amount of time AMs spend performing exempt versus non-exempt duties;

10

(c) Never considered whether AMs performed their duties without direct supervision; and

(d) Never analyzed AMs' wages as compared to hourly employees' wages for classification purposes.

39.     Perhaps most tellingly, Lauterbach acknowledged in *Stevens* that HMSHost never analyzed a single AM's actual job duties to support the AMs' exempt classification.  It follows that HMSHost classified Plaintiffs as exempt without analyzing whether Plaintiffs performed primarily exempt duties.

40.     Additional evidence establishing Defendants' willfulness comes from a multitude of "red flags" that Defendants knew of and, at the very least, recklessly disregarded.  Those red flags include the following:

(a) AMs spend significant time on non-exempt tasks;

(b) HMSHost had been sued previously for FLSA misclassification issues;

(c) The DOL audited HMSHost for possible FLSA violations.

(d) HMSHost received numerous complaints from AMs that they did not have sufficient hourly labor and were not being paid overtime; and

(e) HMSHost micro-manages the AMs' performance through extensive oversight and corporate policies.

**FIRST CLAIM FOR RELIEF:**
**FAIR LABOR STANDARDS ACT**
**<u>(ON BEHALF OF ALL PLAINTIFFS)</u>**

41.     Plaintiffs reallege and incorporate by reference paragraphs 1 through 40 as if they were set forth again herein.

42.     At all relevant times, Defendants have been and continue to be, an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

43.     At all relevant times, Defendants employed, and/or continue to employ, Plaintiffs within the meaning of the FLSA.

44.     Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

45.     At all relevant times, Defendants had a policy and practice of refusing to pay for all hours worked, as well as pay overtime compensation to their assistant unit managers for hours worked in excess of forty hours per workweek.

46.     As a result of Defendants' willful failure to record, report, credit and/or compensate its employees, including Plaintiffs, Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, *et seq*., including 29 U.S.C. §§ 211(c) and 215(a).

47.     As a result of Defendants' policy and practice of minimizing labor costs by underfunding the labor budgets for its stores, Defendants knew or recklessly disregarded the fact that Plaintiffs were primarily performing manual labor and non-exempt tasks.

48.     Due to Defendants' failure to provide enough labor budget funds, failure to take into account the impact of the underfunded labor budgets on the job duties of

12

Plaintiffs, Defendants' actual knowledge, through its Store Managers and General Managers, that the primary duties of Plaintiffs was manual labor and other non-exempt tasks, Defendants' failure to an analysis of Plaintiffs' job duties to ensure that they were performing exempt job duties, and Defendants' instituting a policy and practice that did not allow Plaintiffs to record all hours worked, Defendant knew and/or showed reckless disregard that its conduct was prohibited by the FLSA.  29 U.S.C. § 255(a).

49.   As a result of Defendants' FLSA violations, Plaintiffs are entitled (a) to recover from Defendant their unpaid wages for all of the hours worked by them, as overtime compensation, (b) to recover an additional, equal amount as liquidated damages for Defendants' willful violations of the FLSA, (c) to recover their unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

50.    Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs respectfully request that this Court grant the following relief:

a.    A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

b.    An award of unpaid wages for all hours worked as well as overtime compensation due under the FLSA;

c.    An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay for all hours worked as well as overtime compensation pursuant to 29 U.S.C. § 216;

d.      An award of damages representing the employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

e.      An award of prejudgment and post-judgment interest;

f.      An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

g.      Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the Complaint.

RESPECTFULLY SUBMITTED this 22nd day of May 2015.

KLAFTER, OLSEN & LESSER LLP,
BERGER AND ASSOCIATES,
LUBIN & ENOCH, P.C.


By:  /s/ Nicholas J. Enoch
Nicholas J. Enoch
Attorney for Plaintiffs


## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd of May 2015, I electronically transmitted the attached Complaint to the U.S. District Court's office using the CM/ECF System for filing.

/s/ Amanda Zelisko